UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Juan Salgado, #14039-035, | ) C/A No. 3:09-2796-JFA-JRM |
| Plaintiff, | ) |
| vs. | ) |
| Mary M. Mitchell, Warden, | ) Report and Recommendation |
| Defendant. | ) |

The Plaintiff, Juan Salgado (Plaintiff), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983/ *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] Plaintiff is an inmate at Federal Correctional Institution (FCI) Edgefield, a facility of the Bureau of Prisons (BOP), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the Warden of FCI Edgefield, Mary M. Mitchell, as the sole Defendant.[2] Plaintiff claims the Defendant has been deliberately indifferent to his medical needs and seeks monetary damages, as well as injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings

to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff states that, prior to incarceration, he was a bodybuilder and used steroids. To prevent side effects from the steroid use, Plaintiff was supposed to take Human Chorionic Gonadotropin (HCG), Clomid, and Nolvadex. However, Plaintiff was arrested in Baton Rouge, Louisiana, and was unable to use the substances "required to prevent the side effects." Plaintiff claims his side effects include: "sexual dysfunction, hypertension, dyslipidemia cardiomyopathy, prostrate problems, hernia, liver disease, psychological problems, severe irritability and increased aggressivenes[s]." Plaintiff also states that his testicles are swollen and the left side of his body is numb. (Complaint, page 3).

Plaintiff was transferred to FCI Edgefield on May 19, 2009, and told the "shift doctor of [his] condition upon arrival." On May 27, 2009, Plaintiff was seen by Dr. Saha, who measured Plaintiff's weight and blood pressure and advised Plaintiff to fill out a sick-call form if he desired further treatment. Plaintiff states he filled out approximately thirty (30) sick call forms seeking medical attention, which went unanswered. Plaintiff then brought his medical issues to Defendant Mitchell's attention on August 18, 2009. (Complaint, pages 3-4).

Plaintiff was seen by a Dr. Saha a second time on August 18, 2009. Dr. Saha prescribed ibuprofen for the Plaintiff and allegedly told the Plaintiff "nothing was wrong with [him]." (Complaint, pages 4, 6). However, Dr. Saha indicated that he would attempt to secure a blood

3

analysis and x-rays for the Plaintiff. Plaintiff further claims that Dr. Saha would not provide the "necessary medical attention" because, if he did so, Defendant Mitchell would fire the doctor "without a doubt." Plaintiff was still awaiting a blood analysis/x-rays at the time this action was filed. (Complaint, page 4). Plaintiff seeks monetary damages and injunctive relief for medical negligence and the violation of Plaintiff's human rights. (Complaint, page 7).

Discussion

Plaintiff is bringing suit against the warden of a federal prison. As such, his constitutional claims are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). "*Bivens*" is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Carlson v. Green*, 446 U.S. 14, 18 (1980). *See also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982). *See also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001)("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

Plaintiff's complaint alleges that Defendant Mitchell has been deliberately indifferent to Plaintiff's medical needs. With respect to medical care, a prisoner in a § 1983/*Bivens* case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In *Estelle v. Gamble*, a prisoner contended that

4

other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. However, the Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.* at 105. Furthermore, in *Miltier v. Beorn*, the Fourth Circuit Court of Appeals noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." *Miltier v. Beorn*, 896 F.2d 848, 851-852 (4th Cir. 1990)(citation omitted).

The instant complaint indicates that, upon arrival at FCI Edgefield on May 19, 2009, Plaintiff told a "shift doctor" about his medical condition. Plaintiff was then examined by Dr. Saha on May 27, 2009. Plaintiff states that he subsequently filled out numerous sick-call forms, but received no response. Therefore, Plaintiff "brought this to the Warden['s] attention" on August 18, 2009. Plaintiff indicates that he was again seen by Dr. Saha on August 18th, and provided with over the counter medication. Thus, the Plaintiff admits that he received medical attention, however, he complains that "necessary" medical care has been denied. The Plaintiff further accuses the Defendant of medical negligence.

Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326, 329, n. 2 (S.D. Ga. 1994)(collecting cases). Further, while the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, "it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). In the present action, the Plaintiff complains that the necessary medical treatment has not been provided. However, Plaintiff clearly indicates that he received a medical examination shortly after his arrival at FCI

5

Edgefield, and a second examination on August 18, 2009, the same day that Plaintiff brought his medical issues to the Defendant's attention. As such, the complaint's allegations against Defendant Mitchell fail to rise to the level of deliberate indifference to a serious medical need.

In as much as the Plaintiff is claiming negligence or incorrect medical treatment, such claims are not actionable under 42 U.S.C. § 1983/*Bivens*. To state a claim under 42 U.S.C. § 1983/*Bivens*, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state [or federal] law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, a § 1983/*Bivens* action may not be based only on a violation of state law or on a state tort. *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). The law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). Similarly, medical malpractice, a state law tort, is not actionable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). Thus, to the extent Plaintiff is alleging negligence and/or medical malpractice in this action, such claims are not cognizable under § 1983 or the *Bivens* doctrine. For the above stated reasons, the complaint in this case should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

November 19, 2009
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).