UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Juan Salgado, #14039-035, | ) | C/A No. 3:09-2796-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Mary M. Mitchell, Warden, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Juan Salgado, brings this action pursuant to 42 U.S.C. § 1983/*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971). He is an inmate at the Federal Correctional Institution in Edgefield, South Carolina. The plaintiff complains that the Warden was deliberately indifferent to his medical needs regarding his pre-incarceration use of steroids. He seeks monetary damages and injunctive relief.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the complaint should be dismissed for failure to state a claim under 28 U.S.C. Section 1915(e)(2)(B)(ii). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on November 20, 2009, however he has not done so within the time limits prescribed.

As the Magistrate Judge correctly notes, with respect to medical care in a case alleging deliberate indifference to plaintiff's medical needs, a Section 1983/*Bivens* case must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Supreme Court pointed out in *Estelle* that not every claim by a prisoner that he has not received adequate medical treatment creates a violation. Furthermore, in *Miltier v. Beorn*, the Fourth Circuit Court of Appeals noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." *Miltier v. Beorn*, 896 F.2d 848, 851-852 (4th Cir. 1990). Even though the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *Brown v. Thompson*, 868 F.Supp. 326 (S.D.Ga. 1994) (collecting cases).

Here, plaintiff does not allege that the necessary medical treatment has not been provided. Rather, he appears to claim negligence or incorrect medical treatment. As the Magistrate Judge opines, the plaintiff's allegations appear to raise negligence rather than the constitutional standard of deliberate indifference to medical needs. As such, negligent or incorrect medical treatment is not actionable, nor is medical malpractice, under Section 1983.

*Estelle v. Gamble*, 429 U.S. at 105-06. Further, negligence, in general, is not actionable under Section 1983. *See Daniels v. Williams,* 474 U.S. 327, 328-36 & n.3 (1986). Thus, to the extent plaintiff is alleging negligence and/or medical malpractice in this action, such claims are not cognizable under Section 1983 or the *Bivens* doctrine.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

January 20, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge